# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jose Luis Cabrera, deceased, Claudia Jeaneth Jimenez Cabrera, North Dakota Personal Representative of the Estate of Jose Luis Cabrera, surviving spouse and Guardian of their minors, <br><br> Plaintiff, <br><br> vs. <br><br> The State of North Dakota Workforce Safety and Insurance Fund, <br><br> Defendant. | **ORDER** <br><br><br><br><br><br><br><br> Case No. 1:18-cv-242 |

Before the court is a Motion to Dismiss filed by defendant on February 1, 2019. Also before the court is a "Motion for Leave to File First Amended Complaint; and to Add Additional Defendant" by Ms. Cabrera on March 15, 2019. For the reasons set forth below, Ms. Cabrera's motion is denied and defendant's motion is granted.

**I.     BACKGROUND**

Ms. Cabrera initiated the above-entitled action by complaint on November 11, 2018. She is in substance appealing the decision issued by a state administrative law judge on October 25, 2015, to deny her husband, now deceased, worker's compensation benefits for injuries he allegedly sustained while on the job in North Dakota. She cites 28 U.S.C. §§1331 and 1332 as the basis for this court's exercise of jurisdiction. She seeks to recover the benefits to which she asserts her husband was entitled for herself, as his surviving spouse, and for his children.

On December 13, 2018, the court held scheduling conference with the parties by telephone.

1

Expressing concern about whether it had jurisdiction over this matter, the court directed to the parties to brief this issue. (Doc. No. 17).

On February 1, 2019, defendant filed a motion to dismiss for lack of subject matter jurisdiction. On February 28, 2019, Ms. Cabrera filed a response in opposition to defendant's motion. Seventeen days later, on March 15, 2019, she filed a motion to amend her complaint. Both motions have now been fully briefed and are ripe for the court's consideration.

## II.     DISCUSSION

### A.     Motion to Dismiss

#### 1.     Jurisdictional Requirements

Federal courts are courts of limited jurisdiction, and it is presumed that jurisdiction is lacking until the party claiming jurisdiction demonstrates otherwise. Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994). As a consequence, Fed. R. Civ. P. 8(a)(1) requires a person suing in federal court to set forth in the complaint the basis for the court's jurisdiction. The failure to do so is grounds for dismissal. See Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo., 747 F.2d 1195, 1197 (8th Cir. 1984).

Federal courts have original subject matter jurisdiction over claims for alleged violations of federal laws or the United States Constitution. See 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(3) (jurisdiction for enforcement of federal constitutional and statutory rights). Federal courts also have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Complete diversity exists when no defendant is a citizen of the same state as any Ms. Cabrera. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "In

a case with multiple Ms. Cabreras and multiple defendants, the presence in the action of a single Ms. Cabrera from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

### 2. Fed. R. Civ. P. 12(b)(1)

Parties may assert a lack of jurisdiction by motion under Fed. R. Civ. P. 12(b)(1). This defense may be brought in two ways: by facial attack or by factual attack. Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack simply asserts the Ms. Cabrera has not plead a basis for subject matter jurisdiction. Id. In a facial attack, the court must afford the non-moving party the benefit of the Rule 12(b)(6) safeguards, and it may only consider the pleadings and "materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (quoting Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012)). A factual attack asserts the actual existence of subject matter jurisdiction is lacking "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Branson Label, 793 F.3d at 914-15 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

### 3. Analysis

Ms. Cabrera is, for all intents and purposes, appealing the administrative law judge's denial of her husband's claim for worker compensation benefits. WSI asserts jurisdiction over this appeal is vested in the state district court, not this court, and that this action should must therefore be dismissed.

An appeal from an unfavorable decision from WSI is governed by Chapter 65-10 of the

3

North Dakota Century Code. See N.D.C.C. § 65-01-16(9); see also Bensen v. Workforce Safety and Insurance, 2003 ND 193 ¶¶ 5-6, 672 N.W.2d 640 ("Appeals to the district court from decisions of an administrative agency are statutory in nature and are not matters of original jurisdiction, but rather involve the exercise of appellate jurisdiction conferred by statute."). N.D.C.C. 65-10-01 directs that such an appeal be filed in either the state district court of the county where the claimant was injured or the state district court of the county in which the claimant resides. See N.D.C.C. 65-10-01; see also N.D.C.C. § 28-32-42(3)(a) ("The appeal of an order may be taken to the district court designated by law, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held. If the administrative proceeding was disposed of informally, or for some other reason no hearing was held, an appeal may be taken to the district court of Burleigh County."). The appeal must be filed within thirty after the notice of the appeal order has been given. N.D.C.C. § 28-32-42(1); see also Bensen v. Workforce Safety and Insurance, 2003 ND 193, 672 N.W.2d 640 (opining that a claimant must serve a notice of appeal on WSI, the attorney general or an assistant attorney general, and all parties to the proceeding in order to perfect an appeal).

Ms. Cabrera should have filed her appeal of the administrative decision denying her husband workers compensation benefits with a state district court as it is conferred with jurisdiction by operation of state law. Put another way, the administrative scheme established by state statute appears to provides the exclusive remedies for claims arising out of on-the-job injuries. Consequently, insofar as Ms. Cabrera is seeking a review of the merits of her husband's worker's compensation claim, this court lacks subject matter jurisdiction. See e.g., Prine v. Chailland Inc., 402 F. App'x 469, 470 (11th Cir. 2010) ("We have held that the exclusivity of a state workers' compensation scheme deprives a federal district court of subject matter jurisdiction to the extent that

4

a state court would decline to exercise jurisdiction over an employee's work related claims."); Rance v. D.R. Horton, Inc., 392 Fed. App'x 749 (11th Cir. 2010) (opining that the exclusivity of Florida's workers' compensation scheme deprived the district court of subject matter jurisdiction); Formosa v. Lowe's Home Centers, Inc., 806 F. Supp. 2d 1181, 1186 (N.D. Ala. 2011) (opining that the district court lacked subject matter jurisdiction over a claim for state workers' compensation benefits); Murphy v. JC Penney Reg'l Catalog Ctr., 546 F. Supp. 2d 4, 7 (D. Conn. 2008) (opining that it lacked subject matter jurisdiction to the extent Ms. Cabrera was seeking a review of the merits of her worker's compensation claim); cf. 28 U.S.C. 1445(c) (expressly barring the removal of claims arising under State workers' compensation laws).

### B.     Motion to Amend

Ms. Cabrera seeks leave to amend her complaint to: "(1) assert additional causes of action, (2) assert claim for damages to the Ms. Cabrera, (3) correct and add the appropriate jurisdiction, and (4) include the employer as a defendant." (Doc. No. 28). She has lodged a proposed amended complaint in which she: (1) names her husband's former employer, Pyramid Instrumentation and Electric Corporation ("Pyramid"), as an additional defendant; (2) cites the Americans with Disabilities Act ("ADA") as an additional basis for this court's exercise of jurisdiction; and (3) asserts claim for negligence and gross negligence/willful misconduct against Pyramid.

WSI opposes Ms. Cabreras' motion on ground that any attempt by Ms. Cabrera to assert ADA claims against would be an exercise of futility and that it would be prejudiced should the court permit Ms. Cabrera to proceed with claims against Pyramid in the context of the present action.

#### 1.     Fed. R. Civ. P. 15

Rule 15 of the Federal Rules of Civil Procedure provides in relevant part that "a party may

amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). It is generally left to the court's discretion whether to grant leave to amend the pleadings. Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994). Unless there is a good reason for denial, such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend is generally granted. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999). "Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous." Id.

### 2. Analysis

Ms. Cabrera's invocation of the ADA as a basis for this court to exercise jurisdiction over WSI is unavailing. First, Ms. Cabrera does not explicitly assert an ADA claim against anyone in the body of either her original complaint or proposed amended complaint. Absent more, the mere invocation of the ADA is not enough to constitute a basis for this court's exercise of jurisdiction. Second, the ADA has no apparent applicability to WSI in the present contact. Thus, even if Ms. Cabrera had endeavored to assert an ADA claim against WSI in her proposed complaint, it would be folly to permit her to pursue it.

As for Ms. Cabrera's proposed claims against Pyramid, Ms. Cabrera cannot pursue them in a representative capacity. Ms. Cabrera is proceeding *pro se.* She is not an attorney licensed to practice before this court. Consequently, she may only represent her herself. She cannot represent her husband's estate or her children as doing so would be tantamount to the unauthorized practice of law. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have

6

routinely adhered to the general rule prohibiting pro se Ms. Cabrera's from pursuing claims on behalf of others in a representative capacity."); see also Jones ex. rel. v. Corr. Med. Servs., 401 F.3d 950, 951–52 (8th Cir. 2005) (finding that a non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); Gross v. United States, No. 06–4211, 2009 WL368664, at * 1 (D.S.D. Feb. 13, 2009) (opining that a pro se Ms. Cabrera was "not permitted to litigate the claims of the Estate or beneficiaries of the Estate, with or without their consent, because doing so would amount to engaging in the practice of law on behalf of others"); see also D.N.D. Gen. L.R. 1.3 (B) and (C) (setting forth the eligibility and admission requirements for the bar of this court); cf. N.D.C.C. § 27-11-01 ("[A] person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned, nor may a person be qualified to serve on a court of record unless that person has: 1. Secured from the supreme court a certificate of admission to the bar of this state; and 2. Secured an annual license therefor from the state board of law examiners.").

This court "has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it." Ramirez v T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016). In exercise of this authority, the court will not permit Ms. Cabrera to proceed against Pyramid employer on behalf of her husband's estate. Cf. Jones ex. rel., 401 F.3d at 952 (8th Cir. 2005) (affirming the district court's order of dismissal on motion by a defendant of an action filed by a non-attorney on behalf of Ms. Cabrera-estate); Wetzlel v. Schlenvogt, 2015 ND ¶ 12, 705 N.W.2d 836 ("We hold that when a case is commenced on behalf of a corporation by a non-attorney agent, the case and all documents signed by the non-attorney agent are void from the beginning.").

7

Ms. Cabrera has been afforded ample opportunity to retain counsel. For whatever reason, she has chosen to proceed *pro se*. As she is prohibited from proceeding against Pyramid in a representative capacity, it would serve no purpose to allow her to amend her pleadings to assert claims against it.

## III. CONCLUSION

Ms. Cabrera's "Motion for Leave to File First Amended Complaint; and to Add Additional Defendant" (Doc. No. 28) is **DENIED**. Defendant's Motion to Dismiss (Doc. No. 19) is **GRANTED**. The above-captioned action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2020.

                                            */s/ Clare R. Hochhalter*
                                            Clare R. Hochhalter, Magistrate Judge
                                            United States District Court